THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CADILLAC UNIFORM & LINEN SUPPLY, INC.,**

    **Plaintiff,**

    v.

**CENTRAL GENERAL DE TRABAJADORES,** *et al.***,**

    **Defendants.**

**Civil No. 19-1744 (ADC)**

## **OPINION AND ORDER**

Before the Court are Cadillac Uniform & Linen Supply, Inc.'s ("plaintiff") verified complaint for declaratory and injunctive relief, **ECF No. 1**, memorandum of law in support of motion for temporary restraining order, preliminary and permanent injunction, **ECF No. 2**, and motion for temporary restraining order, **ECF No. 3**. For the reasons discussed below, the Court grants the motion for temporary restraining order and refers the case to United States Magistrate Judge Bruce J. McGiverin to hold a hearing and issue a Report and Recommendation regarding the remaining remedies requested.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On August 2, 2019, plaintiff filed a verified complaint for declaratory and injunctive relief, a Motion for Temporary Restraining Order, Preliminary and Permanent Injunction, and a memorandum of law in support thereof against defendants Central General de Trabajadores

("CGT") and the Department of Labor and Human Resources of Puerto Rico ("DOL-PR"). **ECF Nos. 1, 2, 3**. Plaintiff asserts subject matter jurisdiction of the Court under 28 U.S.C. §§ 2201-2202, 1331 for controversies arising under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141, *et seq*.

In essence, plaintiff alleges that on March 15, 2019, CGT was certified as the new representative of certain bargaining unit of plaintiff's employees which was previously represented by the Teamsters Local 901. **ECF No. 1** at 3. A Collective Bargaining Agreement ("CBA") between Teamsters Local 901 and plaintiff had provided for binding arbitration of grievances under certain circumstances ("arbitration clause"). *Id*. Plaintiff alleges that the arbitration clause was enforceable between plaintiff and the Teamsters Local 901 only, and that the CBA, which contained the arbitration clause, was terminated. *Id* at 4. Furthermore, plaintiff asserts that there is no CBA between CGT and plaintiff and as such, plaintiff is under no obligation to engage in arbitration with the CGT. *Id*. Plaintiff contends that CGT cannot compel plaintiff to arbitration under the terms and conditions of the terminated/expired CBA that existed between plaintiff and the Teamsters Local 901. *Id*.

Notwithstanding the above, plaintiff alleges that once certified as the new representative, CGT "attempted to substitute itself for the Teamsters as the Union Representative in arbitrations filed by the Teamsters, under the terms of the expired and now terminated Collective Bargaining Agreement between the Teamsters and Cadillac, which arbitrations are pending before the [DOL-PR]." *Id*. at 4. Plaintiff avers that it conveyed to CGT its objection to the course of action

displayed by CGT and demanded CGT to cease and desist all efforts to intervene in the arbitration matters commenced by Teamsters Local 901. *Id* at 5.

On July 2, 2019, the DOL-PR notified plaintiff that "it would permit the CGT to substitute for the Teamsters and to continue the Teamsters arbitration in a representative capacity" at a hearing scheduled for August 7, 2019, before the DOL-PR. *Id*. at 5. Plaintiff asserts that it will suffer irreparable harm "if it is forced to arbitrate with the CGT disputes between it and the Teamsters Local 901, with the potential that it may be ordered to reinstate employees, make payments, and/or take other steps sought in the Teamsters arbitrations." *Id* at 5.

In light of the above, plaintiff requests that the Court issue a restraining order to preclude co-defendants from compelling plaintiff's attendance at the August 7, 2019 arbitration hearing before the DOL-PR. **ECF No. 3**. Plaintiff further requests that a preliminary and permanent injunction and declaratory relief be subsequently granted. *Id*.

## II. STANDARD OF REVIEW

To determine whether to issue a temporary restraining order, the court applies the same analysis used to evaluate a request for a preliminary injunction. *Bourgoin v. Sebelius*, 928 F. Supp. 2d 258, 267 (D. Me. 2013). Accordingly, when deciding a motion for a temporary restraining order, a district court weighs four factors: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing the injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." *Sindicato Puertorriqueño de Trabajadores*

v. *Fortuño*, 699 F.3d 1, 10 (1st Cir. 2012) (citing *Jean* v. *Massachisetts State Police*, 492 F.3d 24, 26–27 (1st Cir. 2007.)

Although all four factors are important, likelihood of success on the merits, is the "touchstone of the preliminary injunction inquiry." *Boston Duck Tours, LP v. Super Duck Tours*, LLC, 531 F.3d 1, 11 (1st Cir. 2008). "To demonstrate likelihood of success on the merits, plaintiffs must show more than mere possibility of success—rather, they must establish a strong likelihood that they will ultimately prevail." *Sindicato*, 699 F.3d at 10 (citations omitted). If the moving party cannot demonstrate that he is likely to succeed in his claim, the other factors become irrelevant to the court's inquiry. *Id*.

## III. DISCUSSION

### (a) Likelihood of Success on the Merits

Plaintiff argues that it will prevail on the merits of the case because "an employer cannot be compelled to arbitrate with a union with which it does not have a collective bargaining agreement or agreement to arbitrate." **ECF No. 2** at 5. In support of that argument, plaintiff points to *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648-9 (1986) (citing *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)); *Gateway Coal Co. v. Mine Workers*, 414 U.S. 368, 374 (1974); and *International Ass'n of Machinists and Aerospace Workers Local 2725 v. General Elec. Co.*, 1990 U.S. Dist. LEXIS 2850, 1990 WL 29806 (D.P.R. 1990). Plaintiff also argues that the National Labor Relations Board's decisions have established that, without a collective bargaining agreement with the employer, a new or

replacement union may not step into the shoes of the removed union and seek to arbitrate grievances that the prior union had with the employer. **ECF No. 2** at 6. In support of this argument, plaintiff makes reference to *Children's Hospital and Research Center of Oakland*, 364 NLRB No. 114, 2016 WL 4611341 (2016), ("it is clear that a replacement union may not seek to arbitrate grievances that arose under the contract between its predecessor union and the employer,") and *Arizona Portland Cement Co.*, 302 NLRB 36, 1991 WL 40857 (1991) ("We conclude that there is no sound basis for requiring the Respondent to arbitrate even the grievances it had earlier agreed to arbitrate because we do not find clear consent to arbitrate those grievances with a different bargaining representative.")

For purposes of the temporary restraining order at hand, the Court agrees with plaintiff. As summarized above, plaintiff claims that the August 7, 2019 arbitration hearing stems from the terms and conditions of the arbitration clause included in the CBA that was executed between plaintiff and Teamsters Local 901. It further contends that the CBA is now terminated, and that no arbitration agreement exists between plaintiff and CGT. Finally, plaintiff purports that the upcoming arbitration is not the continuance of a proceeding initiated under terminated CBA, but rather a new proceeding for which no arbitration agreement exists. Considering that the Supreme Court has held that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit[,]" *Warrior & Gulf*, 363 U.S. 574, 582 (1960), plaintiff has shown a likelihood of success on the merits.

**(b) Potential for Irreparable Harm in the Absence of a Temporary Restraining Order**

Undoubtedly, if the temporary restraining order is not granted, plaintiff will be forced to arbitrate claims with CGT and might be forced to incur significant time and expense. Plaintiff contends that the obligation to arbitrate grievances with a non-contractual party constitutes irreparable harm. For example, plaintiff argues that the Second Circuit has held that it "would be irreparably harmed by being forced to expend time and resources arbitrating an issue that is not arbitrable, and for which any award would not be enforceable." *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 985 (2d Cir. 1997) ("Maryland).

But more than just expenditures, the Court notes that through arbitration, plaintiff might be ordered to reinstate employees and take other measure that go beyond the economic realm. Accordingly, plaintiff's request meets the irreparable-harm criteria for a temporary restraining order.

**(c) Whether Issuing the Injunction Will Burden the Defendants Less Than Denying an Injunction Would Burden the Plaintiffs, and Public Interest**

Plaintiff asserts that except for the hearing scheduled on August 7, 2019, CGT has requested postponement of all prior arbitration hearings in which it has requested to appear as representative of plaintiff's employees. **ECF No. 1** at 5, n. 1. CGT's decision to postpone all previous arbitration hearings reflects that the temporary order requested by plaintiff will not impose a grave hardship upon CGT. Therefore, enjoining the August 7, 2019 arbitration hearing will not be more burdensome for CGT than it will be for plaintiff if the arbitration hearing goes on as scheduled.

The Court also holds that the public interest will be best served if it grants plaintiff's request in order to avoid an arbitration that was never agreed upon by way of a contract between the parties to the arbitration. The temporary nature of the order hereby granted will allow all parties to protect and assert their rights opportunely. After all, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Warrior & Gulf*, 363 U.S. at 582.

In light of the above, the Court finds that plaintiff's request meets the minimum requirements for a temporary restraining order. *See Sindicato*, 699 F.3d at 10.

## IV. CONCLUSION

In short, the relevant factors as to whether a temporary restraining order is warranted favor plaintiff, particularly in light of the proximity of the August 7, 2019 arbitration hearing.[1] Accordingly, the Court **GRANTS** plaintiff's request for a temporary restraining order **ECF No. 3**, as follows:

(i) Co-defendants Central General de Trabajadores and the Department of Labor and Human Resources of Puerto Rico are enjoined from requesting or compelling plaintiff to attend the arbitration hearing scheduled for August 7, 2019;

(ii) Plaintiff shall execute summons within five (5) days from the date of issuance of this Order;

---

[1] Plaintiff did not accompany its request for temporary restraining order with a proposed order, contrary to what is provided under Local Civ. R. 65. In its discretion and in light of the proximity of the August 7, 2019 arbitration hearing, the Court issues the instant Order. However, going forward, plaintiff is expected to fully comply with all applicable rules.

(iii) Co-defendants Central General de Trabajadores and the Department of Labor and Human Resources of Puerto Rico shall file their answers to the complaint and responses to plaintiff's request for preliminary and permanent injunction and for declaratory relief within fifteen (15) days from service of summons; and

(iv) Plaintiff's request for preliminary and permanent injunction and for declaratory relief **ECF No. 1, 2,** are hereby referred to United States Magistrate Judge Bruce J. McGiverin for the holding of a hearing as soon as feasible and for the issuance of a Report and Recommendation, pursuant to Local Civ. R. 72(a).

In light of the above, Plaintiff's request for a temporary restraining order (**ECF No. 3**) is **GRANTED.**

    **SO ORDERED**.

    At San Juan, Puerto Rico, on this 5th of August of 2019.

                                                                **S/ AIDA M. DELGADO-COLÓN**
                                                                **United States District Judge**